IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00176-RM-CBS

DARIN LEWANDOWSKI,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION, a/k/a BANK OF AMERICA;
BANK OF AMERICA, N.A.,

    Defendants.

## STIPULATION AND PROTECTIVE ORDER

    Plaintiff Darin Lewandowski ("Plaintiff") and Defendants Bank of America Corporation and Bank of America, N.A. ("Defendants") (collectively, the "Parties to the Litigation"), by and through their respective undersigned counsel, hereby stipulate and agree to this Protective Order.

    1.    This Protective Order shall apply to the production of all documents and information by the Parties to the Litigation which contain, but is not limited to, sensitive personal information, sensitive business information, trade secrets, training materials, proprietary material, or any other confidential information (hereinafter, the "Protected Materials").

    2.    Access to the Protected Materials shall be limited to the Parties to the Litigation, their attorneys of record, and their experts for use in the preparation or trial of the above-captioned civil action. Nothing in this Stipulation and Protective Order is intended, however, to limit the right of the Parties to the Litigation to disseminate or disclose his or their own information or documents to others. Rather, the limitations imposed by this Protective Order apply to the opposing party.

    3.    Neither the Parties to the Litigation nor their attorneys or experts shall disclose the Protected Materials to any person or entity except as provided in paragraph 4.

4.  The contents of the Protected Materials subject to this Protective Order may be referred to and used in depositions, pleadings, briefs, or memoranda filed with the Court, and the Protected Materials may be made exhibits to such pleadings, briefs, memoranda, or depositions. Nothing herein shall preclude any party from asking the Court to enter an order sealing a pleading, brief, or memorandum which refers to Protected Materials or any pleading, brief, or memorandum to which any Protected Material is attached as an exhibit.

5.  Nothing herein shall affect or inhibit the right of Plaintiff or Defendants to offer into evidence, or to object to the admission into evidence, at trial the Protected Materials.

6.  At the conclusion of this case, the Parties to the Litigation shall promptly return all Protected Materials to the attorney representing the opposing party.

DATED at Denver, Colorado, this 29th day of July, 2013.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

BOB ROBERTS, P.C.

*s/ Bob Roberts*
Bob Roberts
CO I.D. No. 33057
19501 E. Mainstreet, Suite 200
Parker, CO  80138

*Attorney for Plaintiff*

REED SMITH LLP

*s/ Richard L. Etter*
Catherine S. Ryan
PA I.D. No. 78603
Richard L. Etter
PA I.D. No. 92835
225 Fifth Avenue
Pittsburgh, PA  15222-2716

*Attorneys for Defendants*

Dated:  July 19, 2013